Informal Opinion No. 98-8 Kristin Carter Rowe, Esq. Village Attorney Village of Andes Executive Woods Three Atrium Drive Albany, N Y 12205
Dear Ms. Rowe:
You have asked whether one of the elected village trustees may serve as manager of a study concerning possible construction of a sewage treatment plant in the village and, if so, whether the trustee may receive additional compensation for the additional duties entailed in managing the study.
You have advised us that the village is a party to a Memorandum of Agreement ("MOA") regarding the New York City watershed protection program that was executed by the State, the City, the United States Environmental Protection Agency, the village and a number of other municipalities, environmental groups and other parties. The MOA recognizes that the City's reservoirs of drinking water located west of the Hudson River are vulnerable to degradation from failing septic systems in surrounding hamlets and villages. Under the MOA, the City has created a sewage infrastructure fund to finance new sewage treatment plants in these problem areas. The village is fourth on the list of the top seven problem areas and thus is eligible for funding for a treatment plant.
You state that the first step the village will take is to arrange for a 12-month study to evaluate the need for the sewage treatment plant, determine the best location and design, evaluate related land use controls and determine the user fee structure for the plant, among other things. The study will be performed by an outside consultant and the board will rely on it in determining whether to construct the plant. Thus, the validity of the study and the accuracy of the information upon which it is based are critical. The New York State Environmental Facilities Corporation has agreed to assist the City in administering the program and is negotiating with the village concerning a contract to conduct the study.
You note that the board wishes to monitor the study closely. In order to reduce the expense and bureaucracy entailed, the board would like to have one of its trustees serve as project manager for this study on behalf of the board. As you describe the duties, the trustee would serve as a liaison between the village board of trustees and the independent contractor who will perform the study. You advise that the board expects the manager to handle phone inquiries, conduct meetings and review and comment on draft and final study reports. You state that you consider the trustee's services in this regard as an expansion of his duties as an elected trustee and not as the creation of an additional office. You note that the trustee's duties in connection with the study will include duties that otherwise would have to be performed by the village board as a whole.
The trustee who would serve as study manager for the board is a retired chemical engineer whose skills and experience are appropriate for the task. The board would like to compensate him for the significant amount of time expected to be spent on the study. In addition to the trustee's usual annual salary of $900, the board proposes to pay him a rate of $20 per hour for managing the study, with a limit of 700 hours per year. You have asked whether the board may do so and have noted that the payments will be subject to reimbursement by the independent contractor who conducts the study.
We conclude that the board of trustees may designate one trustee to serve as study manager on behalf of the board. The general powers and duties of the board of trustees are set forth in Village Law § 4-412, which provides in part:
[T]he board of trustees of a village shall have management of village property and finances, may take all measures and do all acts, by local law, not inconsistent with the provisions of the constitution, and not inconsistent with a general law except as authorized by the municipal home rule law, which shall be deemed expedient or desirable for the good government of the village, its management and business, the protection of its property, the safety, health, comfort, and general welfare of its inhabitants, the protection of their property, the preservation of peace and good order, the suppression of vice, the benefit of trade, and the preservation and protection of public works. The board of trustees may create or abolish by resolution offices, boards, agencies and commissions and delegate to said offices, boards, agencies and commissions so much of its powers, duties and functions as it shall deem necessary for effectuating or administering the board of trustees duties and functions.
This provision gives the board of trustees responsibility to authorize and manage the study. The board is required to manage village property and finances. In our view, the board may delegate to a single member any duty it could perform as a whole. In effect, the board is asking one trustee to monitor the study, provide input as needed and report to the board on the study progress and results. In our view, legislative bodies have inherent authority to assign to members, for example, responsibility to gather information or monitor activities and periodically report back to the full body for guidance and decisionmaking.
Since no separate office or position of employment is being created, no question as to the compatibility of two offices arises. Thus, the facts you present are distinguishable from those involved in prior opinions where we concluded that a member of a village or town board could not also serve as an employee of the municipality because one position was subordinate to the other. See, e.g., Op Atty Gen (Inf) Nos. 86-73, 84-9.
Similarly, since only one office is at issue, there is no conflict with Village Law § 3-300(3), which provides that no person shall simultaneously hold an elective and an appointive office. We note that section 3-300(3) also contains exceptions to this bar. It provides that not more than two members of the board of trustees may be appointed as members of each village board and commission and that trustees may serve as single commissioners in charge of village departments. Because the trustee here would be acting as a trustee in serving as project manager for the board, these exceptions are not directly applicable. They are, however, consistent with our view that a single trustee may act for the board in this situation.
Finally, although it is not necessary to do so in this circumstance, we note that the bar established in Village Law § 3-300 may be overcome. It is well established that a village is authorized to amend or supersede any provision of the Village Law relating to its property, affairs or government or to other matters in relation to which it is authorized to adopt local laws, notwithstanding that the Village Law provision is a general law unless the Legislature expressly has prohibited the adoption of the proposed local law. Municipal Home Rule Law §10(1)(ii)(e)(3); Op Atty Gen (Inf) No. 94-52.
We also conclude that it is within the board's authority to compensate the trustee for the significant additional time spent managing the study, within the limits established by the board.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General